﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200817-106285
DATE: January 29, 2021

ORDER

Restoration of competency status for VA benefits purposes is granted.

FINDING OF FACT

VA has not shown by clear and convincing medical evidence that the Veteran lacks the mental capacity to contract or manage his own financial affairs, including the disbursement of funds, without limitation.

CONCLUSION OF LAW

The criteria for restoration of competency for the purpose of receiving direct payment of VA benefits have been met. 38 U.S.C. §§ 5107, 5502 (2018); 38 C.F.R. §§ 3.102, 3.353 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Navy from December 1953 to August 1973. 

This case comes before the Board of Veterans’ Appeals (Board) from a May 2020 rating decision finding the Veteran incompetent to handle disbursement of funds. In his August 2020 appeal to the Board, the Veteran elected the Evidence Submission review option. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, his August 2020 VA Form 10182. 38 C.F.R. § 20.303 (2019).

The Veteran asserts that he and his wife are capable of managing his VA funds. Under VA regulations, a mentally incompetent person is one who, because of injury or disease, lacks the mental capacity to contract or to manage his or her own affairs, including disbursement of funds without limitation. 38 C.F.R. § 3.353 (a) (2019).

Unless the medical evidence is clear, convincing, and leaves no doubt as to the person’s incompetency, the rating agency will not make a decision of incompetency without a definite expression regarding the question by the responsible medical authorities. Determinations as to incompetency should be based upon all evidence of record, and there should be a consistent relationship between the percentage of disability, facts relating to commitment or hospitalization, and the holding of incompetency. 38 C.F.R. § 3.353 (c). 

There is a presumption in favor of competency, and where reasonable doubt arises regarding a beneficiary’s mental capacity to contract or to manage affairs, including the disbursement of funds without limitation, such doubt will be resolved in the veteran’s favor.

Following an October 2019 VA examination for housebound status or permanent need for regular aid and attendance, the examiner opined that the Veteran did not have the mental capacity to manage his benefit payments, citing “memory lapse.”

A July 2020 letter from a private physician notes that the Veteran has been under her care since May 2007, and that he has no mental problems, cognitive difficulties, or dementia. She opined that the Veteran is mentally competent and should be able to manage his financial affairs without problem.

In light of the conflicting evidence of record regarding the Veteran’s competency to manage his own affairs, including the disbursement of funds, it is not shown by clear and convincing medical evidence that the Veteran lacks the mental capacity to contract or manage his own affairs, including the disbursement of funds, without limitation. Considering the presumption in favor of competency, the Board finds that the Veteran is competent handle the disbursement of VA funds. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Roya Bahrami, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.